IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM SCOTT DAVIS,                          *

Petitioner,                                   *

v.                                            *          Civil Action No. GLR-18-1745

WARDEN TIMOTHY STEWART,                       *
FCI CUMBERLAND,
USAG JEFF SESSIONS,                           *

Respondents.                                  *

***

## MEMORANDUM OPINION

THIS MATTER is before the Court on Petitioner William S. Davis' Petition for

Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (2018) challenging his March 29,

2018 conviction and 144 month sentence from the United States District Court for the

Eastern District of North Carolina for cyberstalking and threatening communications in

violation of 18 U.S.C. § 2261A(2) (B) (2018); 18 U.S.C. § 2261(b)(5) (2018).  See

United States v. Davis, 5:14-CR-240-1BR (E.D.N.C. March 29, 2018).  Davis filed this

Petition without submitting the $5.00 filing fee or filing a Motion for Leave to Proceed in

Forma Pauperis.  Requiring Davis to cure this deficiency, however, would serve only to

delay resolution of this case.[1]  For the reasons described below, the Court will dismiss the

Petition.

---

[1] Davis is a frequent litigator in courts governed by the United States Court of
Appeals for the Fourth Circuit.  The Pacer electronic docketing system lists 268 cases
filed in the Fourth Circuit, primarily in the Eastern District of North Carolina, the United
States District Court for the Eastern District of Virginia, and the United States Court of

## I.     BACKGROUND

Davis is an inmate at Federal Correctional Institution in Cumberland, Maryland.

On March 29, 2018, Davis noted a direct appeal of his judgment and sentence. The

appeal is pending before the United States Court of Appeals for the Fourth Circuit.

United States v. Davis, No. 18-4201 (4th. Cir. 2018).

On May 25. 2018, Davis filed a Motion to Vacate, Set Aside or Correct Sentence

under 28 U.S.C. §2255 (2018) in the Eastern District of Virginia. Subsequently, the

matter was transferred to the sentencing court, the Eastern District of North Carolina. On

May 31, 2018, the Honorable W. Earl Britt, Senior U.S. District Judge, noting that Davis'

direct appeal was pending, dismissed the § 2255 Motion without prejudice as premature,

and denied a Certificate of Appealability. Davis v. United States, Civil Action No. 5:18-

CV-238-BR (E.D.N.C. 2018).

## II.     DISCUSSION

As a preliminary matter, the Court must determine whether this claim is properly

raised in a § 2241 petition or is, instead, more appropriately considered as a Motion to

Vacate, Set Aside or Correct Sentence under § 2255. A petition for writ of habeas corpus

pursuant to § 2241 and a motion pursuant to § 2255 are separate and distinct legal

mechanisms for obtaining post-conviction relief. A § 2241 petition attacks the manner in

---

Appeals for the Fourth Circuit. See https://pcl.uscourts.gov. Davis is subject to pre-
filing injunctions imposed by Eastern District of Virginia, see Davis v. Jawaorski, No.
4:13-CV-63 (E.D.Va. November 14, 2013) and the Eastern District of North Carolina,
see Davis v. Mitchell, 5:12-CV-493-F (E.D.N.C. March 3, 2014).

which a sentence is executed. See 28 U.S.C. § 2241(a). A § 2255 motion challenges the validity of a conviction or sentence. See In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc). Here, the Petition clearly challenges the validity of Davis' underlying sentence. Regardless of the label or title used by petitioner, the substance of the petition, and not its title, determines its status. See, e.g., Calderon v. Thompson, 523 U.S. 538, 554 (1998); see also Castro v. United States, 540 U.S. 375, 381 (2003) (A court may recharacterize a pro se motion "to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis.").

A federal prisoner may not collaterally attack a conviction and sentence in a §2241 petition unless an exception commonly called "the Saving Clause" set forth at 28 U.S.C. §2255(e) applies. The Savings Clause permits a prisoner to challenge the validity of a conviction where the remedy available is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e); In re Jones, 226 F.3d 328, 333 (4th Cir. 2000); Rice v. Rivera, 617 F.3d 802, 807 (4th Cir.2010). This exception does not trigger "merely . . . because an individual is procedurally barred from filing a Section 2255 motion[.]" In re Vial, 115 F.3d at 1194 n. 5; In re Jones, 226 F.3d at 333. Importantly, a petitioner bears the burden of demonstrating that the §2255 remedy is inadequate or ineffective. Hood v. United States, 13 F.App'x 72 (4th Cir. 2001).

In this Circuit, a §2255 motion is inadequate and ineffective to test the legality of a conviction when: "(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct

3

appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333–34.

Davis asserts a § 2255 motion is inadequate and ineffective to test the legality of his conviction because there was "fraudulent concealment of judicial misconduct" at his trial. (Pet. at 5, ECF No. 1). His unsupported, conclusory assertions are insufficient to meet the standard announced in Jones. Moreover, Davis may pursue relief on direct appeal and later in a § 2255 motion filed in the sentencing court. Davis fails to demonstrate that use of a § 2241 petition to attack his judgment and sentence is appropriate. This case will therefore be dismissed without prejudice for lack of jurisdiction.

A certificate of appealability is not granted unless there is "a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484–85. Here, the Petition does not satisfy this standard, and accordingly, the Court declines to issue a Certificate of Appealability.

## III.  CONCLUSION

For these aforementioned reasons, the Court will dismiss the Petition without prejudice for lack of jurisdiction and declines to issue a Certificate of Appealability.  A separate Order follows.


Entered this 31st day of July, 2018                              /s/
                                                                          George L. Russell, III
                                                                          United States District Judge